# EXHIBIT C

*Exhibit F*

**Consent of Incorporator
Of
Mortgage Electronic Registration Systems, Inc.**

The undersigned, being the sole incorporator of Mortgage Electronic Registration Systems, Inc. (the "Corporation"), hereby consents to the adoption of the following resolution:

> RESOLVED, that the By-laws, attached hereto as an exhibit, be and hereby are adopted as the Bylaws of the Corporation.

This action shall become effective at 12:01 a.m. on January 1, 1999.

_____
William C. Hultman
Incorporator



# BYLAWS
# OF
# *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*
## *A Delaware Corporation*

## ARTICLE I

### OFFICES

Section 1. <u>Registered Office</u>. The registered office of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Corporation") shall be at 32 Loockerman Square, Suite L-100, in the City of Dover, County of Kent, State of Delaware 19901. The registered agent of the Corporation at such address is The Prentice-Hall Corporation System, Inc.

Section 2. <u>Other Offices</u>. The Corporation also may have offices, including its principal office, at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or the business or the Corporation may require.

## ARTICLE II

### STOCKHOLDERS

Section 1. <u>Stockholders</u>. The voting, dividend and distribution rights of the stockholders of the Corporation (the "Stockholders" shall be as set forth in the certificate of Incorporation, as amended from tune to time (the "Certificate of Incorporation").

Section 2. <u>Designation of Persons to Act on Behalf of Stockholders</u>. Where a Stockholder is other than an individual, the Stockholder shall designate, in writing, to the Corporation from time to time the name and title of the individual authorized to act for that Stockholder in casting votes and exercising any other privilege of the Stockholder.

## ARTICLE III

### MEETINGS OF STOCKHOLDERS

Section 1. <u>Place of Meeting</u>. All meetings of the Stockholders shall be held at such places within or without the State of Delaware, as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting or in a duly executed waiver thereof.

Section 2. <u>Annual Meeting</u>. An annual meeting of the Stockholders for the election of Directors and the transaction of other business shall be held in each year,

commencing with the year 1999, at such date and time as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting. At such meeting the Stockholders shall transact any business lawfully before them and shall elect Directors to succeed those whose terms have expired as of the date of such annual meeting.

Section 3. Notice of Annual Meeting. Stockholders shall be given written notice of an annual meeting of the Stockholders, which notice shall state the place, date and hour of the meeting and shall be given in the manner provided in Article V, Section 1 of these Bylaws. This written notice shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each Stockholder entitled to vote at such meeting.

Section 4. Special Meetings. Unless otherwise prescribed by statute or by the Certificate of Incorporation, special meetings of the Stockholders may be called for any purpose or purposes by the chairman of the board, the president, the secretary, or by a majority of the Directors then in office.

Section 5. Notice of Special Meeting. Written notice of a special meeting of the Stockholders shall be given, which shall state the place, date and hour of the meeting, and the purpose or purposes for which the meeting is called, in the manner provided in Article V, Section 1 of these Bylaws. This written notice shall be given to each Stockholder entitled to vote at such meeting, not less than ten (10) nor more than sixty (60) days before the date of the meeting.

Section 6. Business of Special Meeting. Business transacted at any special meeting of the Stockholders shall be limited to the purposes stated in the notice or waiver thereof.

Section 7. Waiver of Notice. Whenever notice is required to be given by law, the Certificate of Incorporation or these Bylaws, a written waiver, signed by the Stockholder entitled to such notice, whether before or after the time of the meeting stated therein shall be deemed equivalent to notice. Neither the business to be transacted at, nor the purpose of, a regular or special meeting of the Stockholders need be specified in any written waiver of notice. The attendance of a Stockholder at a meeting shall constitute waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting at the beginning of the meeting to the transaction of any business because the meeting is not lawfully called or convened.

Section 8. Quorum. The presence, in person or by proxy, of a majority of the Stockholders entitled to vote on the subject matter at a meeting shall constitute a quorum, except as otherwise provided by law, the Certificate of Incorporation or these Bylaws. If, however, such quorum shall not be present or represented at any meeting of the Stockholders, the Stockholders entitled to vote thereat, present in person or represented by proxy, shall have the power to adjourn the meeting from time to time, without notice other than announcement at the meeting of the time and place of the continuation of the adjourned meeting, until a quorum shall be present or represented. At such adjourned meeting, at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the

MERS 423

original meeting. In determining the Stockholders entitled to vote on the subject matter at a meeting, only those Stockholders enrolled in the Corporation's books as of the last business day immediately preceding the date of the notice shall be deemed entitled to vote on such subject matter.

Section 9. <u>Proxies</u>. A Stockholder entitled to vote may vote either in person or by proxy signed and dated in writing by the Stockholder or its duly authorized attorney in fact, but no proxy shall be voted on after three (3) years from its date, unless the proxy provides for a longer period.

Section 10. <u>Voting by Stockholders</u>. Each Stockholder shall be entitled at every meeting of the Stockholders to one (1) vote in person or by proxy. Stockholders shall vote together as a single class on all matters presented to the Stockholders for a vote except for the election of Directors, which shall be as provided in the Certificate of Incorporation, and except to the extent otherwise required under the Delaware General Corporation Law.

Section 11. <u>Conduct of Meetings</u>. At any meeting of the Stockholders, if neither the chairman of the Board of Directors, nor a person designated by the Board of Directors to preside at the meeting shall be present, the Stockholders present shall appoint a presiding officer for the meeting. If neither the secretary nor an assistant secretary is present, the appointee of the person presiding at the meeting shall act as secretary of the meeting.

Section 12. <u>Vote Required for Action</u>. When a quorum is present at any meeting, the affirmative vote of the majority of the Stockholders present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the Stockholders, unless a greater number of affirmative votes is required by law, the Certificate of Incorporation or these Bylaws.

## ARTICLE IV

## DIRECTORS

Section 1. <u>Management by Directors</u>. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute, the Certificate of Incorporation, or these Bylaws directed or required to be exercised or done by the Stockholders.

Section 2. <u>Number Constituting Entire Board of Directors; Classes</u>. The number of Directors that shall constitute the entire Board of Directors shall consist of not less than one (1) and not more than six (6) individuals; provided, however, that the Board shall at all times include at least one independent Director (as defined in the Certificate of Incorporation). No Director need be a resident of Delaware.

Section 3. <u>Nomination and Election of Directors</u>. The Board of Directors shall nominate a person or persons to fill each vacancy created by the expiration of the term of any Director then in office. The Board of Directors may select its nominees from the recommendations of the Nominating Committee, as provided in Section 16 below. The Board of Directors shall be elected by ballot of the Stockholders eligible to vote in accordance with the Certificate of Incorporation. Each Director shall hold office until his successor is elected and qualified, or until his earlier resignation, removal, automatic disqualification, or death.

Section 4. <u>Resignation, Removal and Automatic Disqualification</u>. Any Director may resign at any time upon written notice to the Corporation. In accordance with the Certificate of Incorporation, any Director may be removed, only for cause, by a vote of a majority of the entire Board of Directors. In the event that, while in the office, a Director shall cease to have the qualifications for such office as specified in the Certificate of Incorporation, then from and after the date upon which such Director ceases to be qualified, such Director automatically shall be disqualified to serve as a Director and shall cease to be a Director of the Corporation, without any action by the Board of Directors.

Section 5. <u>Filling of Vacancies</u>. All vacancies caused by resignation, removal, automatic disqualification, or death of a Director and occurring between annual meetings of the Stockholders shall be filled promptly by majority vote of the Directors then in office. Any replacement Director shall hold office until expiration of the term designated by the Board in creating the vacancy and until his successor is duly elected and shall qualify, or until his earlier resignation, removal, automatic disqualification or death. If there are no Directors in office, then an election of Directors may be held in the manner provided by Title 8, Section 223 of the Delaware General Corporation Law.

Section 6. <u>Place of Meetings</u>. The Board of Directors of the Corporation may hold meetings, both regular and special, either within or outside the State of Delaware.

Section 7. <u>Annual Meeting</u>. The first meeting of each newly elected Board of Directors shall be held immediately after the annual meeting of the Stockholders and at the same place, and no notice of such meeting shall be necessary to the newly elected Directors in order legally to constitute the meeting, provided a quorum shall be present. In the event such meeting is not held at that time and place, the meeting may be held at such time and place as shall be specified in a notice given as provided in Section 9 for special meetings of the Board of Directors, or as shall be specified in a written waiver signed by all of the Directors.

Section 8. <u>Regular Meetings</u>. Regular meetings of the Board of Directors may be held without other notice at such time and at such place as shall from time to time be determined by the Board.

Section 9. <u>Special Meetings</u>. Special meetings of the Board may be called by the chairman of the Board on seven (7) day's notice to each Director in the manner provided in Article V, Section 1; special meetings shall be called by the chairman of the Board or secretary, in like manner and on like notice, on the written request of a majority of the Directors.

Section 10. Quorum; Vote Required for Action. A quorum shall be a majority of the entire Board of Directors. The act of a majority of the Directors present at such meeting, shall be the act of the Board of Directors, except as may be otherwise specifically provided by statute or by the Certificate of Incorporation. If quorum shall not be present at any meeting of the Board of Directors, the Directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting of the time and place of the adjourned meeting, until a quorum shall be present.

Section 11. Payment of Dividends. Those Stockholders entitled to receive dividends and the method of calculating the amount of the dividends to be paid such Stockholders shall be determined by the Board of Directors in accordance with the Certificate of Incorporation and applicable law.

Section 12. Participation by Conference Telephone. Stockholders of the Board of Directors, or any committee thereof, may participate in a meeting of such Board or committee by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this subsection shall constitute presence in person at such meeting.

Section 13. Action Without Meeting. Unless otherwise restricted by the Certificate of Incorporation or these Bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board or such committee consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Board or of such committee.

Section 14. Compensation. Directors shall not be compensated for their services as Directors, but if authorized by the Board of Directors, each Director may be entitled to receive from the Corporation reimbursement of the expenses incurred in attending any regular or special meetings of the Board. Nothing herein contained shall be construed to preclude any Director from serving the Corporation in any other capacity and receiving compensation therefor.

Section 15. Committees. The Board of Directors may designate one (1) or more committees, each committee to consist of one (1) or more of the Directors of the Corporation. The Board may designate one (1) or more Directors as alternate members of any committee to replace any absent or disqualified member at any meeting of the committee. Any such committee, to the extent provided in the resolution establishing the committee, and subject to any restrictions imposed by statute, shall have and may exercise the powers of the Board of Directors in the management of the business affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers that may require it; provided, however, that a committee may not (i) recommend to the Stock holders any action that requires Stockholder approval; (ii) adopt, amend or repeal these Bylaws; or (iii) take any action that requires the affirmative vote of the independent Director (as defined in the Certificate of Incorporation), unless such independent Director is present. In the absence or disqualification of any member of any such committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not a quorum, may unanimously appoint another Director

to act at the meeting in the place of any such absent or disqualified member. Each committee shall have such name as may be determined from time to time by resolution adopted by the Board of Directors. If authorized by the Board of Directors, the expenses of members of standing or special committees for attending committee meetings may be reimbursed.

Section 16. Nominating Committee. The Board of Directors may designate a Nominating Committee consisting of up to three (3) Directors. The Nominating Committee shall, prior to notice of any annual meeting of Stockholders or any meeting of the Board at which a vacancy in the Board shall be filled recommend to the Board one (1) or more individuals for nomination as Directors, provided that the Nominating Committee shall comply with the provisions in the Certificate of Incorporation relating to qualifications Directors when making any recommendation to the Board. The Nominating Committee shall recommend sufficient candidates to fill all Board vacancies.

Section 17. Advisory Council. The Board of Directors may, by resolution passed by a majority of the whole Board, designate one (1) or more advisory councils. The Corporation shall not pay members of any advisory council any fees for their services on such council nor shall it reimburse them for any expenses incurred in attending meetings of such council.

Section 18. Minutes of Committee Meetings. Each committee shall keep regular minutes of its meetings and report the same to the Board of Directors when required.

Section 19. Presumption of Assent. A Director of the Corporation who is present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action unless (i) he objects at the beginning of the meeting, or promptly upon his arrival, to holding the meeting or transacting specific business at the meeting or (ii) he votes against, or abstains from, the action taken.

# ARTICLE V

## NOTICES

Section 1. Manner of Giving Notice. Whenever, under the provisions of Title 8, Section 222 of the Delaware General Corporation Law, the Certificate of Incorporation or these Bylaws, there is a requirement that notice be given to any Director or Stockholder in writing, by mail, addressed to such Director or Stockholder, at his address as it appears in the records of the Corporation, with postage thereon prepaid, such notice shall be deemed to be given at the time when the same shall be deposited in the United States mail. Notice also may be given by telegram, facsimile or overnight express delivery and, in each case, shall be deemed given at the time it is sent to the Stockholder at its address as it appears in the records of the Corporation.

Section 2. Waiver of Notice. Whenever any notice is required to be given under the Delaware General Corporation Law, the Certificate of Incorporation, or these

6

MERS 427

Bylaws, a waiver thereof in writing, signed by the person or persons entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent to notice as provided in Title 8, Section 229 of the Delaware Corporation Law. Attendance of a person at a meeting of the Stockholders, Directors, or members of a committee of Directors, shall constitute a waiver of notice of such meeting, except when the Stockholder, Director or committee member attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Stockholders, Directors, or committee members needs be specified in any written waiver of notice unless so required by the Certificate of Incorporation or these Bylaws.

## ARTICLE VI

### OFFICERS

Section 1. Required Officers. The officers of the Corporation shall be chosen by the Board of Directors and shall include a president and a secretary. The same person may hold any number of offices unless otherwise provided by the Certificate of Incorporation or these Bylaws.

Section 2. Additional Officers. The Board of Directors may appoint one (1) or more vice presidents, treasurers and such other officers agents, giving any of them such further designation or alternate titles, as it shall deem necessary, who shall hold their offices for such terms and shall exercise such powers and perform such duties the Board shall determine from time to time.

Section 3. Election of Officers. The Board of Directors shall choose the officers of the Corporation at its first meeting after each annual meeting of the Stockholders, or at any other meeting if the Board of Directors so elects.

Section 4. Compensation. The salaries of all officers and agents of the Corporation shall be fixed by or in the manner prescribed by the Board of Directors.

Section 5. Tenure. Each officer of the Corporation shall hold office until his successor is elected and qualified or until his earlier resignation, removal or death. Any officer elected or appointed by the Board of Directors may be removed at any time by the affirmative vote of a majority of the entire Board of Directors. Any officer may resign at any time upon written notice to the Corporation. Any vacancy occurring in any office of the Corporation shall be filled by or in the manner prescribed by the Board of Directors.

Section 6. Chairman of the Board. The chairman of the Board shall preside over the meetings of the Directors and of the Stockholders at which he shall be present. The chairman of the Board shall perform such other duties as may be assigned by the Directors. Except where by law the signature of the president is required, in the absence of a president or any officer given the power to serve as acting president, the chairman of the Board shall

MERS 428

possess the same power as the president to sign deeds, mortgages, bonds, contracts or other instruments. Until such time as the Board elects a president, the chairman of the Board shall perform the functions of the president described in Section 7 below, as the chairman of the Board deems desirable.

Section 7. President. The president shall be the chief executive officer of the Corporation and shall be responsible for the general and active supervision and management of the Corporation's business. The president may sign, on behalf of the Corporation, any deeds, mortgages, bonds, contracts or other instruments that the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these Bylaws to some other officer or agent of the Corporation, or shall be required by law to be otherwise signed or executed, and, in general, shall perform all duties incident to the office of president and such other duties as may be prescribed by the Board of the Directors from time to time.

Section 8. Vice President. In the absence of the president, the vice president, if any, or in the event there be more than one (1) vice president, the vice presidents in the order designated, or in the absence of any designation, then in the order of their election, shall perform the duties of the president, and when so acting, shall have all the powers of and be subject to all the restrictions upon the president. Vice presidents shall generally assist the president and shall perform such other duties and have such other powers as the Board of Directors may from time to time prescribe.

Section 9. Secretary. The secretary shall attend all meetings of the Board of Directors and of the Stockholders and shall record all the proceedings of such meetings in one (1) or more books to be kept for that purpose, and shall perform like duties for any committee or advisory council when so requested by such committee or advisory council. The secretary shall give, or cause to be given, required notice of all meetings of the Stockholders, the Board of Directors and committees, and shall perform such other duties as may be prescribed by the Board of Directors. The secretary shall have custody of the books and records of the Corporation as the Board of Directors may direct. The secretary shall have custody of the corporate seal of the Corporation and shall have authority to affix the same to any instrument requiring it and when so affixed, it may be attested by the secretary's signature. The Board of Directors may give general authority to any other officer to affix the seal of the Corporation and to attest the affixing thereof by his signature.

Section 10. Assistant Secretary. Any assistant secretary elected by the Board of Directors shall have the same duties as prescribed for the secretary and shall perform such duties at the direction of the secretary to assist the secretary, and in the absence of the secretary at the direction of the president or any vice president, and otherwise as directed, from time to time, by the Board of Directors.

Section 11. Treasurer. The treasurer shall be the chief financial officer of the Corporation; shall have custody of the corporate funds and securities; shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation; shall deposit all moneys and other valuable effects in the name and to the credit of the Corporation in

8

MERS 429

such depositories as may be designated by the Board of Directors; shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements; shall render to the chairman of the board and the Board of Directors, at its regular meetings, or when the Board of Directors so requires, an account of all his transactions as chief financial officer and of the financial condition of the Corporation; and shall perform such other duties and have such other powers as the Board of Directors or the president may from time to time prescribe.

## ARTICLE VII

## CERTIFICATES OF STOCK

Section 1. General. Every holder of stock in the Corporation shall be entitled to have a certificate, signed by, or signed in the name of the Corporation by, the chairman of the board, the president or a vice president and either the treasurer or the secretary or an assistant secretary of the Corporation, certifying the number of shares owned by the Stockholder in the Corporation.

Section 2. Facsimile. Where a certificate is countersigned (i) by a transfer agent other than the Corporation or its employee, or, (ii) by a registrar other than the Corporation or its employee, any other signature on the certificate may be a facsimile. In case any officer, agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if he were such officer, transfer agent or registrar at the date of issue.

Section 3. Lost Certificates. The Board of Directors may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the Corporation alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen or destroyed. When authorizing such issue of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificate or certificates, or his legal representative, to advertise the same in such manner as it shall require and/or to give the Corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost, stolen or destroyed.

Section 4. Transfer of Stock. Upon surrender to the Corporation or the transfer agent of the Corporation of a certificate for shares in compliance with the requirements of the Delaware General Corporation Law, it shall be the duty of the Corporation to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books; provided, however, that any such transfer must be in compliance with the Certificate of Incorporation.

Section 5. Fixing Record Date. In order that the Corporation may determine the Stockholders entitled to notice of or to vote at any meeting of Stockholders or any adjournment

9

MERS 430

thereof or to express consent to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not be more than sixty nor less than ten days before the date of a Stockholder meeting, nor more than sixty days prior to the date of the payment of such dividends, the distribution of such rights, the exercise of such rights or the taking of any other lawful action. If no record date is fixed, the record date for determining Stockholders (a) entitled to notice of or to vote at a meeting of Stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held; and (b) for any other purpose shall be the close of business on the day on which the Board of Directors adopts the resolution relating thereto. A determination of Stockholders of record entitled to notice of or to vote at a meeting of Stockholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

Section 6. <u>Registered Stockholders</u>. The Corporation shall be entitled to treat the record holder of any shares of the Corporation as the owner thereof for all purposes, including all rights deriving from such shares, and shall not be bound to recognize any equitable or other claim to, or interest in, such shares or rights deriving from such shares, on the part of any other person, including, but without limiting the generality thereof, a purchaser, assignee or transferee of such shares or rights deriving from such shares, unless and until such purchaser, assignee, transferee or other person becomes the record holder of such shares, whether or not the Corporation shall have either actual or constructive notice of the interest of such purchaser, assignee, transferee or other person. Any such purchaser, assignee, transferee or other person shall not be entitled to receive notice of the meetings of Stockholders, to vote at such meetings, to examine a complete list of the Stockholders entitled to vote at meetings, or to own, enjoy, and exercise any other property or rights deriving from such shares against the Corporation, until such purchaser, assignee, transferee or other person has become the record holder of such shares.

Section 7. <u>Stockholder's Rights of Inspection</u>. Any Stockholder, in person or by attorney or other agent, shall upon written demand under oath stating the purpose thereof have the right during the usual hours for business to inspect for any proper purpose the Corporation's stock ledger, a list of its Stockholders, and its other books and records, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a Stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the Stockholder. The demand under oath shall be directed to the Corporation at its place of business. As used in this Section, "Stockholder" means a Stockholder of record.

Section 8. <u>Restrictive Legend on Stock Certificates</u>. No Stockholder will transfer shares of stock if such transfer would be in violation of federal or state securities laws. The Corporation shall endorse on any certificate representing shares issued by the Corporation, a legend to the effect that the shares represented by such certificate have not been registered

under the Securities Act of 1933, as amended, or any state securities laws, and may not be sold, transferred, assigned, pledged, or otherwise disposed of except pursuant to an opinion of counsel satisfactory to the Corporation that they may be transferred in compliance with such Act or any applicable state securities laws.

## ARTICLE VIII

### GENERAL PROVISIONS

Section 1. Fiscal Year. The fiscal year of the Corporation shall be January 1 to December 31. The Board of Directors shall have the power to change the fiscal year of the Corporation from time to time.

Section 2. Checks and Drafts. The Corporation shall establish a bank account for deposit of the funds of the Corporation and the drawing of checks or drafts thereon. All checks or drafts drawn on such account shall require the signature of one (1) officer of the Corporation, or of such other person or persons as may be authorized by the Board of Directors in the absence of any officer, unless the Board of Directors shall take action to require more than one (1) signature. The appointment of additional signatories of the bank account and the opening of additional bark accounts shall require the approval of the Board of Directors.

Section 3. Corporate Seal. The corporate seal, as adopted by resolution of the Board of Directors, shall have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware. " The seal may be used by causing it or a facsimile thereof to be impressed, affixed, or reproduced in any other manner.

Section 4. Indemnification. Except as otherwise provided in the Certificate of Incorporation, the Corporation shall indemnify, and advance expenses to, its Directors and officers, and all persons who at any time served as Directors or officers of the Corporation, to the fullest extent permitted, and in the manner provided by, Title 8, Section 145 of the Delaware General Corporation Law, or any successor provisions, and shall have power to make any other or further indemnity permitted under the laws of the State of Delaware. The Board of Directors may provide such indemnification to others by resolution.

Section 5. Usage of Pronouns. All masculine pronouns are intended to include feminine pronouns and vice versa.

## ARTICLE IX

### AMENDMENTS

Section 1. Amendment of Bylaws, Power of Directors. As specified in the Corporation's Certificate of Incorporation, the Board of Directors shall have the power to amend or repeal these Bylaws or to adopt new Bylaws by the vote of the Directors or written consent of all of the Directors.