# EXHIBIT D

# Mortgage Electronic Registration Systems, Inc., Appellant, v. Nebraska Department of Banking and Finance, Appellee.

No. S-04-786.

SUPREME COURT OF NEBRASKA

270 Neb. 529; 704 N.W.2d 784; 2005 Neb. LEXIS 177

October 21, 2005, Filed

PRIOR HISTORY: [*1] Appeal from the District Court for Lancaster County: John A. Colborn, Judge.

DISPOSITION: Reversed and remanded with directions.

COUNSEL: James M. Pfeffer and Joseph T. Breckenridge, of Abrahams, Kaslow & Cassman, L.L.P., for appellant.

Jon Bruning, Attorney General, and Fredrick P. Neid for appellee.

JUDGES: Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

OPINION BY: Gerrard

OPINION: Gerrard, J.

NATURE OF CASE

Mortgage Electronic Registration Systems, Inc. (MERS), appealed an order of the Department of Banking and Finance (the Department), declaring that MERS is a "mortgage banker" under Neb. Rev. Stat. § 45-702 (Reissue 2004) and therefore subject to the license and registration requirements of the Mortgage Bankers Registration and Licensing Act (the Act), Neb. Rev. Stat. § 45-701 et seq. (Reissue 2004). The district court affirmed the order, and MERS appealed. For the reasons that follow, we conclude that MERS is not a mortgage banker as defined by the Act and, therefore, reverse the judgment of the district court.

FACTUAL AND PROCEDURAL BACKGROUND

MERS is a private corporation that administers the MERS System, [*2] a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.

MERS filed a petition with the Department, requesting a declaratory order that MERS is not a "mortgage banker" under § 45-702(6) and therefore not subject to the license and registration requirements of the Act. At the hearing before the director of the Department, the parties narrowed the issue to whether MERS directly or indirectly "acquires" mortgage loans within the meaning of the Act. The Department concluded that MERS is a mortgage banker under the Act and is therefore required to obtain a mortgage banker's license from the Department [*3] pursuant to § 45-705.

MERS filed a petition for review under the Administrative Procedure Act. The district court affirmed the order of the Department, and MERS appealed.

ASSIGNMENTS OF ERROR

MERS assigns, summarized and restated, that the district court erred in affirming the order of the Department, finding that MERS "acquires" mortgage loans and is, therefore, a "mortgage banker" subject to the requirements of the Act.

STANDARD OF REVIEW

[1] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Tomshyski v. Nebraska State Bd. of Pub. Accountancy*, 270 Neb. 347, 701 N.W.2d 379 (2005).

ANALYSIS

MERS assigns that the district court erred in affirming the Department's order finding MERS to be a "mortgage banker" subject [*4] to the license and registration requirements of the Act. Pursuant to the Act, persons acting as or using the title of "mortgage banker" may not do so without first obtaining a license or registering with the Department under the Act or obtaining a license under the

Nebraska Installment Loan Act, § 45-705(1). Section 45-702(6) defines "mortgage banker" as

> any person not exempt under section 45-703 who, for compensation or gain or in the expectation of compensation or gain, directly or indirectly makes, originates, services, negotiates, acquires, sells, arranges for, or offers to make, originate, service, negotiate, acquire, sell, or arrange for ten or more mortgage loans in a calendar year.

Section 45-702(8) states that "mortgage loan means any loan or extension of credit secured by a lien on real property, including a refinancing of a contract of sale or an assumption or refinancing of a prior loan or extension of credit." In this case, the parties agree that the inquiry is limited to whether MERS "acquires" mortgage loans under § 45-702(6). Further, although § 45-703 contains several exemptions to the Act, the parties agree that MERS does not fall under any of [*5] the exemptions.

In its order, the district court accurately characterized MERS' services as follows:

> The MERS system was created to facilitate the transfer of ownership interests and servicing rights in mortgage loans. Under the System, MERS serves as mortgagee of record for participating members through assignment of the members' interests to MERS. Mortgage lenders participate in the MERS System as members upon completion of a membership application.

The district court went on to discuss the elements of the contract between MERS and its members, referring specifically to a document entitled, "Terms and Conditions," that states, in part:

> The Member, at its own expense, shall promptly, or as soon as practicable, cause MERS to appear in the appropriate public records as the mortgagee of record with respect to each mortgage loan that the Member registers on the MERS tm System. MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, [*6] to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties.

The document also states that "MERS shall at all times comply with the instructions of the beneficial owner of mortgage loans as shown on the MERS tm System."

MERS argues that it does not acquire mortgage loans and is therefore not a mortgage banker under § 45-702(6) because it only holds legal title to members' mortgages in a nominee capacity and is contractually prohibited from exercising any rights with respect to the mortgages (i.e., foreclosure) without the authorization of the members. Further, MERS argues that it does not own the promissory notes secured by the mortgages and has no right to payments made on the notes. MERS explains that it merely "immobilizes the mortgage lien while transfers of the promissory notes and servicing rights continue to occur." Brief for appellant at 12.

The Department argues that MERS, through the assignment of lenders' interests in mortgage loans, indirectly acquires [*7] mortgage loans and therefore falls within the scope of the Act. The Department further asserts that a loan and corresponding mortgage or deed of trust are inextricably intertwined and that, accordingly, the interests acquired by MERS are interests in mortgage loans, making MERS a mortgage banker subject to the requirements of the Act.

At the hearing before the Department, documents were offered and received into evidence, and the attorneys for both parties presented arguments before the hearing officer. During the hearing, counsel for the Department described MERS' function in the mortgage industry.

> Mortgage lenders hire MERS to act as their nominee for mortgages, which allows the lenders to trade the mortgage note and servicing rights on the market without recording subsequent trades with the various register of deeds throughout Nebraska.

To execute a MERS Mortgage, the borrower conveys the mortgage to MERS, who is acting as a contractual nominee. MERS becomes the recorded grantee, however, the lender retains the note and servicing right. The lender can then sell that note and servicing rights on the market and MERS records each transaction electronically on its files. [*8] When the mortgage loan is repaid, MERS, as agent grantor, conveys the property to the borrower. MERS represents that this system saves the lender and the consumer the transaction costs that would be associated with manually recording every transaction.

Subsequently, counsel for MERS explained that MERS does not take applications, underwrite loans, make decisions on whether to extend credit, collect mortgage payments, hold escrows for taxes and insurance, or provide any loan servicing functions whatsoever. MERS merely tracks the ownership of the lien and is paid for its services through membership fees charged to its members. MERS does not receive compensation from consumers. The Department does not take issue with this characterization of MERS' services.

Documents offered during the Department hearing support the limited nature of MERS' services. The hearing officer received several documents into evidence from the MERS website providing example forms for naming MERS as the

original mortgagee of a mortgage or deed of trust or for assigning mortgages to MERS. The form naming MERS as original mortgagee of a mortgage states:

> Borrower does hereby mortgage, grant and convey [*9] to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property . . . .

(Emphasis omitted.) Similarly, the document naming MERS as original mortgagee of a deed of trust states:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.

(Emphasis omitted.) Both documents go on to state:

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Although we agree with the district court's characterization of the services provided by MERS and its contractual relationship with its members, we conclude that such services are not [*10] equivalent to acquiring mortgage loans, as defined by the Act. In other words, through its services to its members as characterized by the district court, MERS does not acquire "any loan or extension of credit secured by a lien on real property." MERS does not itself extend credit or acquire rights to receive payments on mortgage loans. Rather, the lenders retain the promissory notes and servicing rights to the mortgage, while MERS acquires legal title to the mortgage for recordation purposes.

MERS serves as legal title holder in a nominee capacity, permitting lenders to sell their interests in the notes and servicing rights to investors without recording each transaction. But, simply stated, MERS has no independent right to collect on any debt because MERS itself has not extended credit, and none of the mortgage debtors owe MERS any money. Based on the foregoing, we conclude that MERS does not acquire mortgage loans, as defined in § 45-702(8), and therefore, MERS is not subject to the requirements of the Act.

CONCLUSION

The district court erred in affirming the judgment of the Department finding MERS to be a mortgage banker under the Act. Thus, we reverse the judgment of the district [*11] court, and remand the cause to the district court with directions to reverse the determination made by the Department.

Reversed and remanded with directions.